Medlock v Brown.

*In a qui tam action to recover the penalty provided in the statute against marrying minors without the presence or consent of parent or guardian, the burden of the proof of consent falls on def.*

ERROR to Franklin circuit.

Mullanphy for Medlock.

Thomas Medlock relies upon the following points as establishing error in the judgment of the circuit court sustaining the plea of James Brown, because:

1st. Noting in the plea denotes it to be the declaration of Thomas Medlock qui tam.

2nd. Deft. by his plea says he don't owe the plaintiff, only Thomas Medlock. He *is* charged with owing Thomas Medlock and the State of Missouri also.

Thomas Medlock relies upon the following points as establishing error in the judgment of the circuit court, giving to the jury the instruction above recited:

1. That it appears to require the jury to believe that the parent neither consented, nor was present nor sent a certificate, whereas his absence or the want of a cerf. are sufficient.

Thomas Medlock relies upon the following, as establishing error in the judgment of the circuit court, refusing to give the jury the instruction required:

1. The plaintiff cannot be called on *to prove dissent*; assent must surely be proved by the opposite party—it would be requiring him to prove a negative.

Opinion delivered by Wash Judge.

This was a *qui tam* action, brought by Medlock against Brown to recover the penalty provided in the statute against marrying minors, without the presence or consent of the parent or guardian. The defendant pleaded nil debit and had a verdict and judgment, to reverse which, Medlock now prosecutes the present writ of error.

The facts are preserved in the record by bills of exception. The defendant acted as a justice of the peace, duly commissioned and qualified; and united in marriage, Susan Medlock, the daughter of the plaintiff, to one Jesse Harris, which Susan Medlock was at the time of marriage *a minor*, under the age of eighteen years. After the testimony was closed, "the defendant moved the court to instruct the jury, that unless they believed from the evidence, that the defendant joined in marriage the plain-

tiff's daughter in the declaration mentioned, without the consent or presence of, or a certificate in writing of the said plaintiff, they must find for the defendant," which instruction was given and excepted to. The plaintiff then moved the court to instruct the jury, "that the fact of the consent of the parent to the marriage of the minor must be proved, otherwise dissent must be presumed;—that is, the burthen of the proof of consent, devolves on the defendant in this action" &c. which last instruction, the court refused to give to the jury. The plaintiff moved for a new trial, and assigned amongst other reasons, the misinstruction of judge &c. The motion for a new trial was overruled, and the plaintiff now relies upon the misdirection of the court for a reversal of its judgment.

We think the court erred in refusing to give the instruction prayed for by the plaintiff. The burden of the proof of consent devolves on the defendant, in actions founded on this statute—Rev. code p. —. Though the plaintiff may be sometimes required, and particularly in actions on penal statutes, to make proof of the negation, we think the proof of the affirmative in this case, comes more appropriately from the defendant, and upon the general principles which govern in such cases, should have been required of the defendant. In our opinion therefore, the circuit court erred in refusing to give the instruction, and ought to have granted a new trial. Its judgment is therefore reversed and the cause remanded.

TOMPKINS J.

I object to the opinion of the court, holding that every public officer is presumed to do his duty 'till the contrary is proved.

*Margin notes:*

JUNE TERM 1836.

In a *qui tam* action to recover the penalty provided in the statute against marrying minors without the presence or consent of parent or guardian, the burden of proof of consent falls on def.