State v. Crowell.

---

## The State *versus* Henry L. Crowell.

As the licensing board are not a court of record, and are not required by
Rev. Stat. c. 36, to keep a record of all their proceedings, and as the license
itself, signed by the members of the board, is delivered to the person licens-
ed, and is the evidence that the license has been granted to him ; it is not
necessary on the part of the State, on the trial of an indictment under that
statute for selling brandy, &c. by retail without license, to prove that the
accused had no license. If he would avail himself of that defence, it is
incumbent on him to prove that he was licensed.

CROWELL was indicted as a common seller, at retail, of rum,
brandy, &c. without license.

At the trial before REDINGTON, District Judge, the County
Attorney requested the Judge to rule, that if Crowell would

State *v.* Crowell.

rely upon his having been licensed, it was incumbent on him to prove it.

With a view to have the law upon this point settled, the Judge ruled, that it was not incumbent on the government to prove that the accused had not a license ; and *instructed the jury, that as Crowell had not attempted to prove, that he was licensed, they might consider that he was not.*

The verdict was guilty, and exceptions were filed by Crowell.

*Whitmore,* for Crowell, said, that the selling of brandy, &c. without license constituted the offence, and the burthen of proof was upon the government to show, that the license had not been granted, or no offence was made out.   The fact, whether licensed or not, is not particularly within the knowledge of the accused.   The town records are open to all alike, and the town officers knew, whether they did or did not grant one in this case.   The town is in fact the party, and the officers of the town are made, by the statute, the prosecutors. They have the records, and should have produced them.   Rev. Stat. c. 36, § 19, 21 ; 1 East, 649 ; 2 Campb. 654 ; *Com.* v. *Thurlow,* 24 Pick. 381.

*Moor, Att'y Gen'l,* said, that the rule was well established, that matters of defence need not be proved on the part of the government.   In the present case it was alleged, that the respondent did sell without a license, and the fact is to be presumed to have been so, unless the proof to the contrary is brought forward in defence.   1 Chitty's Pl. 231 ; Rosc. Cr. Ev. 65 ; 5 M. & Selw. 206 ; 3 Burr. 1476 ; *State* v. *Whittier,* 21 Maine R. 341 ; Greenl. Ev. § 90, 91.

The case of *Com.* v. *Thurlow,* in which it was held that it was necessary for the government to prove, that the accused had no license, is not an authority for the defence.   In that State the licenses are granted only by the County Commissioners, who have a clerk, and keep a record of all their proceedings.   Here there are no records kept by the licensing board. The license is given to the person licensed, and he alone can prove that he has one.

The opinion of the Court was by

TENNEY J. — The Judge of the District Court instructed the jury, " that it was not incumbent on the government to prove that the defendant had not a license."

The authorities upon the question here presented are not in perfect harmony ; much of the seeming conflict, however, may arise from the want of a clear distinction between the necessity of the *negative averment* in the declaration or indictment, and the *proof* in support of such averment.    The general rule is, " that when a person is required to do a certain act, the omission of which would make him guilty of a culpable neglect of duty it ought to be intended, that he has duly performed it unless the contrary is shown."   *Williams* v. *The East India Company*, 3 East, 192 ; *Hartwell* v. *Root*, 19 Johns. R. 345 ; Greenl. Ev. § 80.    But in civil or criminal prosecutions for a penalty for doing acts, which the statutes prohibit, excepting by those, who are licensed therefor, no such presumption arises ; and where the subject matter of the negative averment lies peculiarly within the knowledge of the other party, the averment is taken as true, unless disproved by the other party, " as for selling liquors, exercising a trade, or profession, and the like." Greenl. Ev. § 79.    Mr. Starkie, in his treatise on Evidence, Vol. 1, page 376, says, " Upon a penal action for sporting without qualification, it is incumbent on the defendant to prove his qualification ; and in Vol. 2, page 627, " It seems in an action and also in an information, before a magistrate, it is unnecessary to adduce evidence, to negative the defendant's qualification."   *Rex* v. *Turner*, 2 State Tr. 505.    It is said by Lawrence J. in *Rex* v. *Stone*, 1 East, 653, " As to the mode of proof, by which the charge is to be sustained, I see no reason why the fact committed by the defendant should not *prima facie*, be sufficient, at least so as to throw the *onus* upon him, of proving that he was qualified to do it."    Where a party, before a justice, admits the trading as a hawker and pedler, it is incumbent on him to prove, that he had a license. *Rex* v. *Smith*, 3 Bur. 1475.    *The Apothecaries* v. *Bentley*,

1 Ry. & Mood. 159, was a case where there was the aver-
ment in the declaration, on the 55 Geo. 3, c. 194, that the
defendant practised as an apothecary, *without having obtain-
ed such a certificate as by the said act is required;* it was
held, that the *onus probandi* that the defendant had obtained
his certificate, lay with him and not with the plaintiff. In
*Spieres* v. *Parker,* 1 T. R. 141, Lord Mansfield says, " it is
a settled distinction between a proviso, in the description of
the offence, and a subsequent exemption from the penalty
under particular circumstances; if the former, the plaintiff
must, as upon actions upon the game laws, aver a case, which
brings the defendant within the act; therefore he must nega-
tive the exceptions in the enacting clause, though he throw the
burden of proof upon the other side."

It is insisted for the defendant, that as the penalty for a
violation of Rev. Stat. c. 36, is for the benefit of the town
where the offence is committed, and as licenses are granted by
the selectmen, clerk and treasurer of each town and are requir-
ed to be recorded, the proof in support of the negative aver-
ment is not peculiarly within the knowledge of the accused;
and *Commonwealth* v. *Thurlow,* 24 Pick. 381, is relied upon
in support of this proposition. In Massachusetts, the Court of
County Commissioners have the power of granting licenses to
innholders, retailers, &c. excepting in the county of Suffolk.
Rev. Stat. of Mass. c. 47, § 17. The clerk of the Judicial
Courts in each county is also the clerk of the Court of County
Commissioners, ib. c. 88, § I, and is required to record the
proceedings of all the Courts of which he is clerk, and has the
care and custody of all the records, papers, &c. § 5. In that
Commonwealth, the authority to retail ardent spirit, &c. is the
order of the Court of County Commissioners; the record of
that Court is the evidence of that order, and without the record,
the legal proof does not exist; and it can be proved by the
clerk and his records, whether there was or was not a license
granted; and that proof is equally accessible to the govern-
ment and the accused. In this State, the selectmen, clerk and
treasurer may license under their hands, as many persons of

good moral character, &c. to be innholders, victualers, and retailers, &c. Rev. Stat. c. 36, § 1, and the clerk shall make a record of all licenses granted, § 4. This board are not required to keep a record of their proceedings; the license itself, signed by the members of the board, is the evidence of qualification, and is delivered to the person licensed. The record of this license is a very different matter from the record of the proceedings of the Court of County Commissioners in Massachusetts, and is secondary evidence of authority to do the acts therein mentioned, as much as the record of a deed of real estate in the county registry is secondary evidence of the contents of such deed. The license unrecorded, is a protection against the penalty prescribed in the statute for retailing without it. It is the best evidence, and is peculiarly within the knowledge of the person holding it. In the case of *State* v. *Whittier,* 21 Maine R. 341, the authorities were examined and proof of the negative averment was held unnecessary; the reasons for that decision apply with equal or greater force to the case at bar.

*Exceptions overruled.*