VAUGHN vs. McQUEEN.

1. The act regulating marriages (R. C. 1835) which prohibits the marrying any minor without "the consent of the parent, or guardian, or other person having the care or government of such minor," limits the power to consent to one person, and does not give this power to each of the persons mentioned in the act, but only to that one, who has the care or government of the minor at the time.

2. Where there is a guardian, the parent cannot consent so as to justify the person joining the minor in marriage.

APPEAL from Pike.

C. Wells, for Appellant.

1. It is not competent for the mother to consent to the marriage of her minor child, when that child has a guardian.

The county court has power to appoint a guardian, not only when

Vaughn vs. McQueen.

there is no parents, but also when the parents shall be unfit for the duties devolving upon them. When so appointed such guardian supersedes the parents in their natural right and has entire control over the ward.

2. The plea is bad because it does not allege the father to be dead or disqualified.

BATES, for the Appellee.

POINTS AND AUTHORITIES.

1. *Qui tam* actions are judged with great jealousy, because the plaintiff does not seek to recover any thing that he has lost, nor to redress any individual wrong, but only to expose the faults of his neighbor and turn them to his own profit.

2. The part of the statute under which this action is brought is purely penal, and therefore must be construed strictly in favor of the defendant. Certainly it cannot be extended by implication. 1 Mass T. R. 167, Berry vs. Ripley; 2 John. R. 379, Jones vs. Estes.

3. The 6th section of the marriage act authorizes every judge, &c., to perform the ceremony of marriage. The 7th sec. forbids him to join in marriage any male under 21 or female under 18, "unless the parent or guardian or other person under whose care or government such minor may be shall be present and give consent thereto, or unless the minor applying shall produce a certificate in writing," &c. And the 8th sec. provides that "if any such person shall join in marriage *any minor*, without first having such certificate, or the presence or consent of the parent or guardian or other person having the care and government of such minor, such person shall forfeit $300," &c. And it will be seen by the plea demurred to, that it is in the very language of the law.

4. Our law makes the parent, either father or mother, the natural guardian of their minor children. Rev. Code, p. 293. But when the parent is adjudged incompetent, there may be another guardian. And I insist that if either the parent or guardian be present at the marriage, and consenting thereto, no penalty attaches.

NAPTON, J. delivered the opinion of the court.

This was a *qui tam* action, to recover the penalty given by the 8th section of the marriage act, for joining in marriage a minor without the consent of the parent or guardian. The action was brought by Peter Vaughn, guardian of Ellen Vaughn, against Thomas McQueen, one of

the judges of the county court of Pike county. The declaration charges, the defendent with joining in marriage Ellen Vaughn, who was under the age of eighteen, with Thomas McQueen, Jr., without the consent of the plaintiff, who was her guardian.

To this declaration the defendant among other pleas pleaded that the parent of the said minor, that is to say, her mother, was present and consenting to the said marriage. The plaintiff demurred to this plea; the demurrer was overruled, and judgment was given upon the demurrer for the defendant.

The only question to be determined is the sufficiency of this plea. In other words, can the mother of a minor consent to the marriage of such minor when there is a guardian?

The seventh section of the act regulating marriages, prohibits the joining in marriage of Minors, "unless the parent or guardian or other person under whose care and government such minor may be, shall be present and give consent thereto, or unless the minor applying shall produce a certificate in writing under the hand of the parent or parents or guardian, or if such minor has no parent or guardian, then under the hand of the person under whose care and government he or she may be." The eighth section affixes a penalty for transgressing this law.

Our act concerning guardians provides in certain cases for the appointment of guardians, whilst the father and mother are both living. There may also be a testamentary guardian, during the life of the mother. It may therefore happen, that the father, the mother and a guardian are all in existence at the same time, in which event the question arises, as it did in this case, whether the consent of either is sufficient to authorize the marriage ceremony, or whether the law contemplates only one person as authorized to give the consent either by his presence or certificate of approbation.

The only construction which we think justified either by the grammatical construction of the sentence, or by the general scope of the statute, with reference to its object and the mischief designed to be remedied, is the one which limits the power of consent to one individual, and authorizes the consent of another only in the alternative. The last clause of the seventh section provides that the certificate shall be "under the hand of the parent or parents or guardian, or if such minor has no such parent or guardian, then under the hand of the person under whose care and government he or she may be." This phraseology it must be admitted is loose, inartificial and inaccurate, but the sense is sufficiently apparent. In the eighth section, the meaning of the lawgiver is more clearly expressed. It requires the officiating clergyman

or justice, before proceeding to marry a minor to have "the certificate or presence and consent of the parent or guardian, or other person having the care and government of such minor." By this we understand that the consent of the person who has the legal custody of the minor whether he be the guardian, or the father, or the mother, or the master, must be obtained, and there can be but one person authorized to give such consent. A strange absurdity would result from any other inter-pretation. The courts may, by the authority vested in them by our laws, deprive a dissolute, worthless or insane parent of that authority with which the laws of nature have invested him, and place the person and property of the infant under the control of a guardian, and yet the father be allowed under the construction contended for by the defendant and sanctioned by the circuit court, to thwart the ligitimate control conferred upon the guardian, and that too in one of the most important steps which can be taken by the minor, and one likely to have a most serious influence upon his future happiness and prosperity.

Whilst we recognize the propriety of the rule of law which requires penal statutes to be strictly construed, we do not understand that rule as requiring an interpretation which will frustrate the ends of the law and facilitate and increase the mischief which it seeks to prevent, when by a fair interpretation of its language a different construction is as well warranted.

The judgment of the circuit court is therefore reversed, and the cause remanded.