State *v.* Woodward.

---

STATE *versus* WOODWARD.

In a prosecution by the State, the competency of a witness for the State is not taken away by the fact that he is an inhabitant of the town to which the law appropriates the penalty, if recovered in the prosecution.

In a criminal prosecution for unlawfully selling intoxicating liquor, if the defendant relies on a license for the sale, the onus of proving such license is upon him.

In a criminal prosecution for presuming to be a *common seller of intoxicating liquor*, proof that the defendant had license as an *innholder*, and as a *common victualer*, establishes no defence.

On Exceptions from the *District Court*, Hathaway, J.

Indictment for the common selling of intoxicating liquors in the city of Bangor. The penalty for such an offence is, by the statute, appropriated to the town or city within which it was committed.

The government offered as a witness one of the inhabitants of Bangor. For that reason, he was objected to. He was, however, admitted.

The government offered no evidence, that the defendant had not been licensed to sell. The Judge ruled such evidence to be unnecessary.

The defendant proved, that for the time alleged in the in-

dictment, he held a license as an innholder and victualer. The Judge ruled that this furnished no defence.

The verdict was against the defendant, and he excepted.

*Blake,* for the defendant.

1. The witness was inadmissible, by reason of his interest, being an inhabitant of Bangor. At the common law that interest would clearly disqualify. The statute, chap. 115, § 75, has changed the rule only so far as relates to " suits at law." But an indictment is not a " suit at law." To describe an indictment as a suit at law, or to describe a suit at law as an indictment, is a violation of language. *State* v. *Bishop,* 15 Maine, 122; *Commonwealth* v. *Odlin,* 23 Pick. 275.

2. Every thing is to be presumed in favor of innocence, not inconsistent with the facts proved. To test the ruling, we may suppose the liquor to have been imported ; or that it was on hand prior to the passage of the prohibitory Act ; or that the defendant sold merely to his boarders. The prohibition of such sales was not the intention of the statute. Again, the defendant was a licensed innholder and victualer, and as such, had authority for selling to his guests and boarders. *State* v. *Burr,* 1 Fairf. 438. All the laws of 1821, pertaining to innholders, upon which that decision was made are yet in force. They were reënacted in the R. S. chap. 36, and were not repealed by either the Act of 1846, or that of 1851, not being inconsistent with them.

3. The allegation of the indictment is, that the defendant had no authority to sell. This allegation has not been proved. Persons authorized to sell under the Act of 1851, were those who had been *appointed* as agents. A mere certificate of the appointment, given by the clerk of the city, is not the best evidence. The record is the only allowable evidence. When a seller was authorized under the former law, a *license* was handed to him, which of itself was the highest evidence, whether the clerk had or had not made a record of it. The decisions, therefore, that a defendant, who relied upon *a license,* was bound to show it, are not now ap-

plicable. The government, then, having failed to show *by the record*, that the defendant had not been appointed an agent to sell, the prosecution must fail.

The case was submitted for the State without argument.

The opinion of the Court, SHEPLEY, C. J., WELLS, RICE and APPLETON, J. J., was drawn up by

APPLETON, J. — On the trial of an indictment, the inhabitants of the town, where the offence is alleged to have been committed, are competent witnesses, notwithstanding the penalty in case of recovery would enure to their use. *State* v. *Stuart*, 23 Maine, 111.

In an indictment for presuming to be a common seller without a license, the defendant, if he would avail himself of one, must prove it. Though the indictment must negative the fact of being licensed, yet proof thereof is not required of the government to authorize a conviction. *State* v. *Crowell*, 25 Maine, 171. *State* v. *Churchill*, 25 Maine, 306. The reasoning of the Court in those cases applies with equal force to the present, and must be considered decisive of this point.

The defendant was licensed as an innholder and common victualer, and it is insisted that as such he might sell liquors to his guests. In support of this proposition, the Court are referred to *State* v. *Burr*, 1 Fairf. 438. It is true that the provision upon which that decision was based has been reënacted by R. S. chap. 36, and if there had been no subsequent legislation this decision would apply. But the Act of 1846, " to restrict the sale of intoxicating drinks," and the Act of 1851, "for the suppression of drinking houses and tippling shops," prohibit by the most general language the sale " directly or indirectly of any spirituous or intoxicating liquors, or any mixed liquors a part of which is spirituous or intoxicating," with the single exception of sale, for medicinal or mechanical purposes. All statutes may be repealed or modified by subsequent legislation and the repeal or modification may be by express language a necessary and unavoidable implication. The statute of 1821 does not contemplate the granting

a license to any one. The language of the recent statutes on this subject is too general, the object of the legislature too apparent, to leave it a matter of doubt, that it was their intention to embrace within its provisions every citizen within the limits of its jurisdiction and to prohibit the sale of all intoxicating liquors, whether imported or not, except for certain specified purposes. All Acts or parts of Acts inconsistent with this Act are repealed. The granting a license to a common victualer to sell to those who may board with him, or to others, would be not merely inconsistent with, but would be a palpable violation of the first section. No sale by any person whatsoever can be justified under the statute, except by an agent duly appointed and within the scope of his appointment.       *Exceptions overruled.*

*Judgment on the verdict.*