CIRCUIT COURT FOR CLACKAMAS COUNTY, NOVEMBER TERM, 1870.

### STATE OF OREGON *v.* CHARLES CUTTING.

SELLING LIQUOR WITHOUT LICENSE—TIME.—On an indictment for selling liquor without a license, where there is no question as to the statute of limitations, the time when the liquor was sold is not material. But where the name of the person to whom the sale was made is stated in the indictment, the proof must show that a sale was made to the person named.

BURDEN OF PROOF.—The burden is on the defendant, to show that he is licensed.

PAYMENT.—If one sells liquor, it is not material whether it is paid for.

IDEM.—It would not be a violation of the statute for one to give away liquor without any expectation of compensation.

SUBTERFUGE.—But if there is an understanding, express or implied, that the party who obtains the liquor will pay for it, or will purchase something else because of it, the act is disposing of the liquor within the meaning of the statute.

THE defendant was indicted under the statute which makes it a criminal offense for any person to "barter, sell or dispose of" spirituous liquors without a license. On the first trial the jury failed to agree, and the case coming on a second time, the defendant's counsel requested that the instructions be given in writing.

The evidence tended to show that the defendant kept a small grocery and variety store, and that it was his practice to give away liquor to those who made purchases from him, and that he frequently sold a stick of candy for 12½ cents and gave the purchaser a drink of liquor.

*A. C. Gibbs,* district attorney.

*Charles Warren & M. F. Mulkey,* for the defendant.

UPTON, J. The following instructions were given to the jury :

Gentlemen of the jury : In a case of this kind, if the defendant claims to be licensed, it is his duty to prove that he has been licensed, and if he fails to do so, the jury must hold that he is not licensed.

In this case it is necessary for the prosecution to show that the defendant sold or disposed of spirituous liquors in less quantity than one quart ; and to make out a case, the prosecution should show that liquor was disposed of by the defendant to Woodcock, the person named in the indictment; but the time when the liquor was disposed of is not material, as there is no question of the statute of limitations in the case; and it is not material, under this indictment, whether the liquor was whisky or some other kind of spirituous liquor. If the defendant has disposed of whisky by selling candy for more than the ordinary price and giving away the liquor, with an intent to evade the law which requires a license, he committed the offense created by this statute. If the prosecution has proved beyond a reasonable doubt that the defendant has so disposed of whisky to Wilson Woodcock, in less quantity than one quart, it is your duty to render a verdict of guilty.

A defendant is to be presumed innocent, in a criminal case, unless and until the proof establishes his guilt beyond a reasonable doubt.

But if the evidence satisfies your minds beyond a reasonable doubt that the defendant sold or disposed of spirituous liquor, to the party named in the indictment, in less quantity than one quart, the presumption of innocence is destroyed. It is sufficient if the prosecution has proved such sale on any one occasion, and it is immaterial on what day the sale took place.

If the defendant gave a drink of liquor and a stick of candy for $12\frac{1}{2}$ cents, for the purpose of evading the law, it is

immaterial whether the defendant took up the money from the counter or not. Nor is it essential that the liquor should be actually paid for to complete the offense. The object of this trial is to ascertain whether the defendant disposed of the liquor in violation of the law. It would not be a violation of this law for one to give away to another spirituous liquor without any hope or expectation of compensation; but if there is an understanding, express or implied, that the party who gets the liquor will in some manner pay for it, or purchase something else because of it, the act is disposing of the liquor within the meaning of the statute.

If the defendant did dispose of the liquor, it is of no consequence whether the motives of the prosecuting witness are good or bad; or whether the witnesses are actuated by public spiritedness, or by purely selfish motives. If you are in doubt as to whether the witness testifies fairly and truly, the motives may be material on that point, but if there is no doubt about the facts, the motives of the witnesses are wholly immaterial.

Some effort has been made to discredit the witness, Woodcock. If you should doubt the reliability of Mr. Woodcock's memory, or his correctness, it will be necessary to consider whether the defendant's witness, Stone, told the truth. If Stone saw Woodcock get the whisky and the candy and lay down a piece of money, it is proper to consider whether he corroborates the testimony of Mr. Woodcock, and to what extent. If the defendant let Woodcock have the whisky and the candy, at his request, with the expectation that he would lay down money, it is immaterial whether the defendant afterwards took up the money or not.

If the defendant has not disposed of liquor contrary to law, he ought to be acquitted. But it is as fair for one man to pay his share of the taxes as for another to pay; and if it is clearly established that the defendant endeavors to evade the law by selling spirituous liquors without obtaining the license that others are compelled to obtain, there is nothing in the case or its circumstances, tending to extenuate or excuse such a course.

You should not be drawn into the error of supposing that

this case is a mere controversy between the prosecuting witness and the defendant. It is not a material question in this case which of those two is the best man, or which is the worst man. But the important question in this case is whether or not the law, requiring license to be obtained, has been violated.

If the best man in the community intentionally violated this law, he should be held to an account as strictly as another.

The jury returned a verdict against the defendant.