## STATE *v.* PERKINS.

The doctrine of *State* v. *Foster*, 23 N. H. 348, and other cases, as to the burden of proving negative averments in indictments for the illegal sale of liquor, considered upon an equal division of the court.

When the court is equally divided upon the question of rendering judgment on a verdict in a civil cause or misdemeanor, the verdict is generally to be sustained, except in case of exceptions to *pro forma* rulings or instructions.

INDICTMENT, against Jacob Perkins for selling liquor.    No evidence was offered by the state to show that the respondent was not an agent of the town in which it was alleged that the sale was made, for the pur-

pose of selling spirituous liquor, and the respondent's counsel asked the court to instruct the jury to return a verdict in his favor for want of proof that he was not such agent, which the court declined to do; and the jury having returned a verdict of guilty, the respondent moved to set it aside for such refusal to instruct the jury.

*Hall*, solicitor, for the state.

*Peavey*, for the respondent.

BY THE COURT. I. In *Lisbon* v. *Lyman*, 49 N. H. 553, 568–582, the court were unanimously of opinion that the burden of proof, on the question of payment of all taxes duly assessed, was not shifted from the plaintiff to the defendant by any rule or supposed rule in relation to a subject-matter peculiarly within the knowledge of one of the parties. It was held—p. 582—that if there was any such rule operating as a rule of law to shift the burden of proof, it was not applicable to that case; because it did not appear that the proof in relation to the assessment and payment of taxes was so peculiarly or exclusively in the power of the defendant as to require him to produce it, a reason which (as was shown in that case) would forbid the application of the rule to cases like the present. It was there shown that, if there is any such rule, it has often been misapplied, and that its misapplication ought not to be extended. For reasons there stated, we are all of opinion that its application to cases like the present, as a matter of legal principle, is erroneous. But, as a matter of authority, the error is established in *State* v. *Simons*, 17 N. H. 83, *State* v. *Foster*, 23 N. H. 348, *State* v. *McGlynn*, 34 N. H. 422, and *State* v. *Shaw*, 35 N. H. 217; besides being distinctly recognized in *Perry* v. *Buss*, 15 N. H. 226, *Kidder* v. *Norris*, 18 N. H. 535, *Gasset* v. *Godfrey*, 26 N. H. 420, *Doe* v. *Burnham*, 31 N. H. 430, and *Bliss* v. *Brainard*, 41 N. H. 262. On the question whether those cases ought to be overruled, we are equally divided. Three of our number, while agreeing with RICHARDSON, C. J., in *Smith* v. *Huntington*, 3 N. H. 77, that " where a long usage, however erroneous, has become the foundation of the title to property, ' the law so favors the public good that it will permit a common error to pass for right,' " are yet of the opinion that it is never too late to correct an error like this, which is constantly liable to lead to other errors, and to mar the consistency and harmony of the law as a science. On the contrary, three of us, while not quite prepared to say, in the language of Judge GOULD, in *Doyle* v. *Russell*, 30 Barb. 304, " I might feel bound to submit and abide by the effect of the doctrine *stare decisis*, on the ground that what was so well settled must be right, although I might not be able so to see it," yet, being of the opinion that this error has been found extremely convenient in practice, and is likely to be equally so hereafter, and that it has resulted in no practical injustice, and is not likely to result in any hereafter, feel bound to stand by the decisions in this and other states, which have established a settled rule of law that has been recognized in text-books of standard authority.

It has been held to be incumbent on the government to prove the negative averment that the respondent was not licensed, which stands on the same footing as an averment that he was not town agent, in Massachusetts, Ohio, and Wisconsin, in cases cited in *Lisbon* v. *Lyman*, 49 N. II. 578, and not in any other state, so far as we are aware. The opposite doctrine has been adopted in Maine, New York, North Carolina, South Carolina, Indiana, Kentucky, Missouri, Alabama, Arkansas, Mississippi, and Oregon. *State* v. *Crowell*, 25 Me. 171 ; *State* v. *Churchill*, 25 Me. 306 ; *State* v. *Woodward*, 34 Me. 293 ; *Smith* v. *Joyce*, 12 Barb. 26 ; *State* v. *Morrison*, 3 Dev. 299 ; *Geuring* v. *State*, 1 McCord 573 ; *Shearer* v. *State*, 7 Blackf. 99 ; *Haskell* v. *Commonwealth*, 3 B. Mon. 342 ; *Medlock* v. *Brown*, 4 Mo. 379 ; *Schmidt* v. *State*, 14 Mo. 137 ; *Farrell* v. *State*, 32 Ala. 557 ; *Hopper* v. *State*, 19 Ark. 143 ; *Easterling* v. *State*, 35 Miss. 210 ; *Thomas* v. *State*, 37 Miss. 353 ; *State* v. *Cutting*, 3 Oreg. 260. The doctrine last mentioned is also laid down in 1 Gr. Ev., sec. 79 ; 1 Stark. Ev. 376 ; Roscoe's Cr. Ev. 72 ; 2 Russ. on Cr. 770 ; Whart. Cr. Law, secs. 614, 708 ; 1 Arch. Cr. Pr. & Pl. (7th ed.) 385 note ;—see, also, *U. S.* v. *Hayward*, 2 Gall. C. C. 485 ; *Commonwealth* v. *Boyer*, 7 Allen 306.

II. The question, What is to be done when the court are equally divided ? was considered in *Northern R. R.* v. *Concord R. R.*, 50 N. H. 166, 175–179. Since the decision of that case, and in accordance with a suggestion then made, a general rule has been adopted for certain classes of cases. If, in the present case, at the trial term, the presiding justice had rendered judgment on the verdict and signed a bill of exceptions, instead of reserving the question, the judgment could not have been reversed, nor the verdict set aside. And it has been thought best to adopt the rule, that, on an equal division of the court at the law term, in civil cases and misdemeanors, verdicts should generally be sustained on cases reserved, as they would be on bills of exceptions, when the ruling or instruction excepted to was not in fact *pro forma*. Such a practice, carried to a reasonable extent, will follow the analogy existing between the two methods of bringing questions of law raised at trial terms before the whole court ; will avoid an indefinite stay of proceedings ; and, while it will not overcome the impossibility of deciding the questions of law on which the court are equally divided, it will be as likely as any other practice to produce equitable results. Even in civil cases and misdemeanors, there may be good reason for taking a different course ; but there is no such reason in this case, and, under the general rule, there must be                                    *Judgment on the verdict.*