————o————

SARAH A. BECKHAM, Respondent, *vs.* ANTHONY NACKE, Appellant.

1. *Marriage—Infants—Liability of Magistrate—Defense.*—An honest mistake by a magistrate performing a marriage ceremony as to the age of a person whom he married, is no protection against the penalty affixed by law to the performance of such ceremony when the persons married are minors, without the consent of their parents or guardians.

2. *Evidence—Age and pedigree—Family records—General Repute.*—On questions of age and pedigree, family records are admissible in evidence. General repute with the family is also sometimes admissible in such cases.

*Appeal from St. Louis Circuit Court.*

*Melville Smith,* for Appellant.

I. The statute upon which this action is based is a penal statute and must be strictly construed. (Allsup vs. Ross, 24 Mo., 284; Vaughn vs. McQueen, 9 Mo., 330.)

II. Being a penal statute, the penalty cannot be inflicted unless the act is clearly within the letter and spirit of the statute. The intent is the essence of the offense. The will must concur with the act. Ignorance or mistake in point of fact is in all cases a sufficient excuse. (Pot. Dwar. Stat., 247; Duncan vs. State, 7 Humph., 148; Com. vs. Stout, 7 B. Mon., 247; Fletcher vs. Lord Sondes, 3 Bing., 580; Meyer vs. State, 1 Conn., 502, 505; Price vs. Thornton, 10 Mo., 135, 140; Brig Wm. Gray, 1 Paine 16.)

III. Statutes must be interpreted according to the intent and meaning, and not according to the letter. (Pott. Dwar. Stat., 144, and cases cited; State vs. King, 44 Mo., 285); and even though it seem contrary to the letter. (Sedg. Stat. Law, 297, 298; Bac. Abr., Tit: Stat., I, 5, 10; State, *ex rel.* etc. vs. King, 44 Mo., 285; State, *ex rel.,* vs. Emerson, 39 Mo., 80; Price, vs. Thornton 10 Mo., 136; Reddick vs. Governor, etc., 1 Mo., 147; Margate Pier Co.,vs. Hannam, 3 B. & Ald., 266; Canal Co. vs. R. R. Co., 4 Gill. & J., 152; 3 Cow., 89; 15 Johns. R., 358.)

A statute will not generally make an act criminal, however broad its language, unless the offender's intent concurred with the act; because the common law required such concurrence to constitute a crime. (Bish. Stat. Cr., 133, and cases cited.)

The general words of a penal statute shall be restrained for the benefit of him against whom the penalty is inflicted. (Pot. Dwar., 245; The Enterprise, 1 Paine, 32; The Mariana Flora, 11 Wheat., 1.)

The will must concur with the act. Hence, ignorance or mistake in point of fact (not law) is, in all cases of supposed offense, a sufficient excuse. (Meyers vs. State, 1 Conn., 502, 505; The Enterprise, 1 Paine, 32; The Brig Wm. Gray, 1

Paine, 16; Price vs. Thornton, 10 Mo., 135, 140; Suffolk Bank vs. Worcester, 5 Pick., 106; The Mariana Flora, 11 Wheat., 1; Wertheimer vs. Howard, 30 Mo., 421.)

*C. M. Whitney*, for Respondent.

I. The reading in evidence of an entry of the minor's birth made by the deceased father in the family Bible as a part of the family record, within three hours after the child's birth, which record was ever afterward kept in the family, was clearly admissible. (1 Greenlf. Ev., [Redf. Ed.] p. 119, § 104.)

II. Proof of general reputation in the family as to age of minor, and that there was no dispute therein in respect of such age, was proper. (1 Greenl. Ev., [Redf. Ed.] pp. 118, 119, §§ 103, 104.)

The magistrate, in case of doubt, must strictly follow the statute. It will not do to inquire of the party applying to be married, his age, or of any other person. He is not charged with the duty of seeking information as to age. The defendant had no right to rely on the minor's statement as to his age, and if he chose to guess as to his age by his looks, he did it at his peril. (Donahue vs. Dougherty, 5 Rawle, 124.)

ADAMS, Judge, delivered the opinion of the court.

This was a *qui tam* action brought by the plaintiff against the defendant, who was a justice of the peace, for the penalty imposed by statute for joining in marriage her minor son without her consent.

The plaintiff was a widow and had the sole care and custody of her son, as surviving parent. The son was nineteen years of age and had the appearance of being over twenty-one, and had induced the defendant to perform the ceremony, by falsely representing that he was of age.

First—The only material point presented by the record is, whether the defendant could justify himself by setting up as a defense his want of knowledge of the age of the minor,

when he acted in good faith and used due diligence to procure the required information. This action is founded on the sixth section of the marriage act (2 Wagn. Stat., 930) which prescribes that "if any such person shall join in marriage any minor without a written certificate of consent under the hand of the parent, guardian or other person under whose care and government the minor may be, or the presence and consent of the parent, etc., such person shall forfeit three hundred dollars, to be recovered with costs of suit by civil action in any court having cognizance, by the parent, guardian, or person having charge of such minor; the one-half of the forfeiture to the use of the county, and the other half to the use of the person who shall prosecute for the same."

The statute provides the means by which any person performing the ceremony may easily protect himself from this penalty. He must have the written consent of the parent, guardian, or other person having charge of the minor. It is not sufficient that he should act under the *bona fide* belief that such minor is of full age. His honest mistake in this regard will not protect him. The law explicitly declares what is required for his protection, and unless he adopts the means pointed out by the statute he must suffer the consequences.

We recognize the principle that penal statutes must be strictly construed. But this statute will not admit of any other construction than the one we have given, without violating the evident intention of the Legislature, which was to prevent the reckless marriages of minors without the presence or consent of those under whose care the law had placed them. (Medlock vs. Brown, 4 Mo., 379; Vaughn vs. McQueen, 9 Mo., 327; Donahue vs. Dougherty, 5 Rawle, 124.)

Second—On questions of pedigree and the births of children the family records are admissible as evidence. General repute in the family is also sometimes admissible as evidence in such cases. This evidence was objected to in this case. But the proof on the question as to the birth of this minor, was so clear and positive, that we would not feel justified in

disturbing this judgment even if there had been error in admitting this evidence. From the whole record the judgment was clearly for the right party.

Judgment affirmed. Judge Wagner absent; the other judges concur. •