THE STATE v. COFER, *Plaintiff in Error.*

**Verdict silent as to one of the counts of the Indictment:** RAPE.
When an indictment, in distinct counts, charges a rape and an attempt to commit a rape upon the same person, referring to the same act, a verdict of guilty as to either count amounts to an acquittal of the crime charged in the other. The failure of the jury to make an express finding as to the latter, therefore, is not error requiring a reversal of the judgment.

*Error to Cape Girardeau Circuit Court.*—HON. D. L. HAWK-
INS, Judge.

The indictment upon which defendant was tried, consisted of two counts. The first charged a rape upon a female under the age of twelve years; the second, an assault to commit a rape upon the same female. Both related to the same act. The jury returned a verdict, finding the defendant guilty as charged in the first count, but silent as to the second. The fifth instruction given for the State, but subsequently withdrawn by the court from the consideration of the jury, is as follows:

5. On the first count of the indictment the court instructs the jury that, if they believe from the evidence that the defendant, on the 7th day of June, 1877, or at any other time within three years before the finding of the indictment, and at the county of Cape Girardeau, and State of Missouri, did unlawfully and feloniously attempt to carnally know and abuse Anna Waldman, she being a female child under twelve years of age, and that he did any act toward the consummation of such offense, but failed in the perpetration thereof, the jury should find the defendant guilty of an attempt to commit rape upon the said Anna Waldman, and should assess his punishment at imprisonment in the penitentiary for a term not less than two years.

The first instruction, as given in its modified form for the defendant, is as follows:

The State v. Cofer.

1. That the proof of the crime of rape, or of carnally and unlawfully knowing and abusing a female child, must show that there was some degree of entrance of the male organ within the private parts of the female, and if the jury find from the testimony in this cause that the private parts of the child were not penetrated by defendant's private organ or penis, then the jury ought to acquit defendant of the crime of rape as charged in the first count of the indictment.

*J. L. Smith*, Attorney-General, for the State.

HENRY, J.—It will be observed that the indictment contained two counts, one for committing and the other for attempting to commit a rape. The jury found the defendant guilty on the first count, but returned no verdict on the second; and this, it is alleged, was an error for which the judgment should be reversed. The accused was put upon his trial on both counts, and his conviction on either amounted to an acquittal of the charge contained in the other. If found guilty of committing the rape he could not have been found guilty of attempting the commission of the same rape. In *State v. Pitts*, 58 Mo. 558, this court held that a general finding of guilty, when an indictment contains three counts, if the several counts relate to the same transaction, will support a judgment.

We see no objection to the first instruction given for defendant. The defendant complains that the court refused to give it as asked, and gave it in a modified form. In what form it was presented, or how modified, is not disclosed by the record. It certainly is not objectionable as given. The fifth given for the State, the record shows was withdrawn from the jury by the court before argument of counsel was concluded. The evidence is of the most disgusting character, sickening in its details, and will be omitted. All concurring, the judgment is affirmed.

AFFIRMED.