## REDMOND v. THE STATE.

1. CRIMINAL LAW: *Selling liquor to minors.*
    Section 19 of the act of the eighth of March, 1879, regulating the sale of liquor, repeals by implication section 1609 Gantt's Digest.

2. ———— : *Mistake of minor's age.*
    One who sells liquor to a minor without the written consent of his parent or guardian, violates the law, although he is informed and believes at the time that he is of full age.    But an honest mistake as to his age will mitigate the penalty.

APPEAL from *White* Circuit Court.
Hon. J. M. SMITH, Circuit Judge—on exchange of circuits.
*Coody*, for appellant.
*Henderson, Attorney General, contra.*

ENGLISH, C. J.    At the January term, 1880, of the circuit court of White county, Daniel Redmond was indicted for selling intoxicating spirits to a minor.    The indict-

Redmond v. The State.

ment charged that "the said Daniel Redmond, on the eighteenth day of December, 1879, in the county of White, etc., then and there unlawfully did sell intoxicating spirits to wit, peach brandy, to Andrew Vincent, a minor under the age of twenty-one years, without the consent or order in writing of the parent or guardian of said minor, the said Andrew Vincent, against the peace," etc.

Defendant pleaded not guilty, and, by consent of parties, the case was submitted to the court, sitting as a jury, on the following agreed state of facts:

" That defendant, on the eighteenth of December, 1879, in the county of White, etc., did sell to the said Andrew Vincent intoxicating spirits, to wit, two drinks of peach brandy, without the consent or order in writing of his parent or guardian. That, at the time of the sale, the said Vincent was under the age of twenty-one years, but lacked only about three months of being of full age. That the defendant, from his appearance, probably thought the said Vincent was of age. That his brother, who was of full age, was with him and drank with him at the time, and that said Vincent had been doing business for himself and father, transacting the business of the farm in buying and selling and managing the same, for more than two years, his father being an invalid, and unable to attend to business."

Whereupon defendant offered to prove by two witnesses: " That they were well acquainted with said Vincent; that on or about the same day he had stated to one James J. Gentry that he was of full age, and obtained from him whisky by such representation; that on the seventeenth day of November, 1879, and about one month before this selling, the said Vincent had stated to defendant, in his house of business, that he was twenty-one years of age, and obtained from him whisky upon such statement."

Redmond v. The State.

Upon the objection of the state, this evidence was excluded by the court, and defendant excepted.

Upon the agreed statement of facts the court declared the law applicable to the case to be: "That if a person intentionally sells intoxicating spirits to a person who in point of fact is at the time under twenty-one years of age, without the consent or order in writing of the parent or guardian of such minor, the offense for which the defendant is indicted is committed, regardless of whether the defendant was informed or even believed he was of age."

To which defendant excepted.

Upon the facts agreed on, and the law so declared, the court found defendant guilty, and fined him $50. He moved for a new trial, which was refused, and he took a bill of exceptions, and appealed.

1. Selling liquor to minors: Sec. 1609 Gantt's Digest repealed.

Section 19 of the act of the eighth of March, 1879, (*Acts of 1879, p. 38,*) follows:

"Any person who shall sell either for himself or another, or be interested in the sale of, any ardent, vinous, malt or fermented liquors, or any compound or preparation thereof, called tonics, bitters or medicated whisky, to any minor, without the written consent or order of the parent or guardian, shall be deemed guilty of a misdemeanor, and, on conviction thereof, shall be fined in any sum not less than fifty nor more than one hundred dollars."

This section is more comprehensive than section 1609 Gantt's Digest, increases the minimum penalty of the offense, and by implication repeals it.

Counsel for appellant complains that he was indicted, under the former act, and punished under the latter. How he gets at that we do not see. It is not the practice to refer in an indictment to the statute under which it is framed. The indictment is good under the last act, and it

is not to be presumed that the prosecuting attorney drafted it under the repealed act.

This court has decided that it is no excuse or justification to one who solemnizes a marriage between minors, without the consent of the parent or guardian, that the parties to the marriage informed him that they were of age; that he acts at his peril, and must ascertain the facts. *Sikes v. The State, 30 Ark., 496; Smyth v. The State, 13 Ark., 696.*

These cases are analogous, in principle, to the one now before us.

A statute in Massachusetts makes punishable "the keeper of a billiard-room or table or bowling-alley, who admits a minor thereto without the written consent of his parent or guardian, and in *The Commonwealth v. Emmons, 98 Mass., 6,* it appearing that one of the minors was almost twenty-one years old when admitted, that he did business independently of his parents, that he appeared to be fully grown, and on being asked by the defendant before his admission whether or not he was a minor, replied that he was not; this evidence was held to be immaterial, and it was excluded. BIGELOW, C. J., said: " The evidence excluded was immaterial. It did not tend to prove or disprove any essential fact. It did not show, or have any tendency to show, either that the alleged minors were of age, or that the defendant did not actually admit them to the billiard-room kept by him. Nor was it material to show that the defendant did not know or have reason to believe that the alleged minors were under age. The prohibition of the statute is absolute. The defendant admitted them to the room at his peril, and is liable to the penalty, whether he knew them to be minors or not. The offense is of that class where knowledge or guilty intent is not an essential ingredient in its commission, and need not be proved."

*Commonwealth v. Boynton, 2 Allen, 160; Commonwealth v. Farren, 9 ib., 489; Commonwealth v. Waite, 11 ib., 264.*

In *The State v. Hartfield, 24 Wisconsin, 60,* which was a case of selling liquor to a minor, the evidence for the prosecution showed that defendant inquired of the minor, before letting him have the liquor, whether he was of age, and received an answer in the affirmative, and also showed that the minor was six feet and one inch in height. The jury were instructed that ignorance or mistake on the part of the accused, as to the age of the minor, was no defense, and he was convicted. The question of the correctness of the instruction was certified to the supreme court. Dixon, C. J., said: "The words '*knowingly*' or '*willfully,*' or other words of equivalent import, are omitted from the statute, and the offense is made to consist solely in the fact of a sale of intoxicating liquors or drinks to a minor. The authorities cited are to the effect that, where a statute commands that an act be done or omitted, which, in the absence of such statute, might have been done or omitted without culpability, ignorance of the fact or state of things contemplated by the statute, will not excuse its violation— citing cases.

"Of this nature," as observed by Professor Greenleaf, "are many fiscal, police and other laws and regulations, for the mere violation of which, irrespective of the motives or knowledge of the party, certain penalties are enacted; for the law, in these cases, seems to bind the party to know the facts, and to obey the law at his peril. The act in question is a police regulation, and we have no doubt that the legislature intended to inflict the penalty, irrespective of the knowledge or motives of the person who has violated its provisions. Indeed, if this were not so, it is plain that this statute might be violated times without number, with no possibility of convicting offenders, and so it would

become a dead letter on the statute-book; and the evil aimed at by the legislature remain almost wholly un-touched. To guard against such results, the legislature has, in effect, provided that the saloon-keeper, or other vendor of intoxicating liquors or drinks, must know the facts—must know that the person to whom he sells is a qualified drinker, within the meaning of the statute; and, if not, he acts at his peril in disobeying the requirements of the law." The court. decided there was no error in giving this instruction.

Mr. Bishop criticises the above decisions, and cites an Indiana case (*The State v. Kalb, 14 Ind., 403,*) to the contrary. *Bishop on Statutory Crimes, sec. 1021, etc.* But they are in harmony with our decisions on the marriage act above cited.

In *Smyth v. The State, sup.*, Chief Justice WATKINS said: "The law intends to prohibit and punish the act (of solemnizing a marriage between minors without the consent of parent or guardian) as a misdemeanor, without regard to the criminal intention. If it does not, there would seldom be wanting enough of excuses to make it a dead letter."

So, in *Bain v. The State, 61 Ala., 75*, it was decided that where one sells or gives spirituous liquors to a minor, without the requisition of a physician, the gift or sale is evidence of the intention, and there can be no inquiry as to whether the defendant had the specific intent to violate the law.

*Pause v. The State, 55 Ala., 16*, favors Mr. Bishop's view of the question.

There is no doubt but that the decisions of other states are in conflict on the subject, but the protection of minors against the mischief intended to be prevented by the statute, which is absolute in its terms, will be promoted

by an adherence to the principle settled in the decisions under the marriage act. This rule may tend to induce sellers of intoxicating liquors to be cautious to guard against selling to minors without the written consent or order of parent or guardian.

It follows that the court below did not err in its declaration of the law applicable to the case, nor in finding appellant guilty on the agreed state of facts.

<span style="float:left">Mistake of minor's age mitigates damages.</span> The fact, however, that the minor represented to appellant that he was of age, taken in connection with his appearance, was admissible, in mitigation of the fine to be inflicted, within the statute limits, as held in *Sikes v. The State, sup.*, but inasmuch as the court fixed the fine at the lowest amount prescribed by the act, appellant was not prejudiced by its exclusion.

Affirmed.