State of Missouri, Respondent, *v.* John S. Gannon, Appellant.

### February 28, 1882.

1. In a trial upon an indictment containing two counts for distinct offences, the silence of the jury as to one count is an acquittal of the charge therein made.

2. The consent of the accused that the verdict may be set aside is not a waiver of the legal effect of the silence of the jury as to the count upon which no finding was made.

3. Where a new trial is had and the jury are silent as to the other count upon which a finding was made on the former trial, this is an acquittal upon both counts, and operates to discharge the accused.

APPEAL from the St. Louis Criminal Court, LAUGHLIN, J. Reversed, and prisoner discharged.

J. B. HARVEY, for the appellant, cited: The State v. Kattlemann, 35 Mo. 105; The State v. Cofer, 68 Mo. 120; The State v. Simms, 71 Mo. 540; The State v. Bruffey, ante, p. 79; The State v. Craft, 72 Mo. 456.

J. R. HARRIS, for the respondent: By consenting to a new trial, the defendant waived his constitutional protection. — The People v. Maich, 6 Cal. 534; The People v. Otwell, 28 Cal. 456; The State v. Redman, 17 Iowa, 329; The State v. Knouse, 33 Iowa, 365.

THOMPSON, J., delivered the opinion of the court.

The prisoner was put upon trial upon two counts, one for grand larceny, and the other for receiving stolen goods. The jury returned a verdict of guilty as to the first count, but made no finding as to the other. "Thereupon," as the record recites, " on motion and recommendation of the circuit attorney, and by consent of the defendant, the said verdict was set aside," and the cause continued. When the case was called for trial a second time, the prisoner filed a motion to strike out the second count, which was over-ruled by the court, and he excepted. He then filed a plea of *autrefois acquit* as to the second count, which was submitted to the court by consent, and which the court over-ruled, and he excepted. The case then went to trial before the jury, and they found him guilty under the second count, but made no finding on the first count. Upon this verdict, judgment was rendered.

It is now claimed for the prisoner that the failure of the jury upon the former trial to make any finding as to the

second count operated in law as an acquittal as to that count; that he could not thereafter be put upon trial upon that count, and that, as the second verdict is only upon that count, no judgment could be rendered upon it, and he is entitled to his discharge. We are clearly of this opinion.

It is well settled that where a prisoner is put on trial on an indictment containing several counts for distinct offences, and a verdict of guilty is rendered as to one count only, and a verdict of not guilty as to the other counts, he cannot again be put on trial upon the other counts. If a new trial is awarded him, he can only be tried again on the count upon which he was convicted. *The State* v. *Ross*, 29 Mo. 32; *The State* v. *Kattlemann*, 35 Mo. 105; 1 Bishop's Cr. Law (6th ed.), sect. 1004. See also *The State* v. *Craft* (72 Mo. 456), where the result reached — the discharge of the prisoner — supports the same view.

There is, however, some conflict of authority on the question whether, where the verdict is guilty as to one count, and is silent as to the other, the silence of the jury as to the other count is to be deemed an acquittal as to that count, or a mistrial. If the former, the prisoner could not be again put upon trial upon the latter count; if the latter, he could. 1 Bishop's Cr. Law (6th ed.), sect. 1006. We need not examine these conflicting decisions, for the question is concluded in this state by the opinion of the supreme court in *The State* v. *Cofer* (68 Mo. 120), where it was held that, when a prisoner is put upon trial upon an indictment containing two counts, his conviction upon one — the jury returning no verdict as to the other — is an acquittal as to the other. Many other courts take the same view. Whart. Cr. Pl. & Pr. (8th ed.), sect. 740, and cases cited.

Starting, then, with the doctrine of that case as our premise, this case stands exactly as though the jury had, on the first trial, rendered a verdict of guilty upon the first count, and not guilty upon the second. This certainly rendered it error to put him on trial again upon the second count. We

need not enlarge upon this ; for everything which we should say with regard to it was said by this court in the late case of *The State* v. *Bruffey* (*ante*, p. 79), to which decision we adhere.

The consent of the prisoner in this case to have the first verdict set aside, is not to be construed, we think, as an agreement on his part to waive any legal advantage from the failure of the jury to make a finding under the second count. He agreed that the verdict *which was rendered against him* might be set aside. He did not thereby agree that the implied verdict of not guilty, which had been rendered in his favor on the second count, should also be set aside. His position is certainly not worse than if he had applied for and obtained a new trial, in which case, under the ruling in the case of *The State* v. *Bruffey*, he could not again be put upon trial under the second count.

As the case is now, the prisoner stands acquitted of the offence charged in both counts, — of the offence charged in the second count, on the first trial, and of the offence charged in the first count, upon the second trial. He must therefore be discharged. It is accordingly ordered that the judgment of the criminal court be reversed and the prisoner discharged. Judge BAKEWELL concurs ; Judge LEWIS is absent.