### THE STATE, *Appellant*, v. AMOR.

**Selling Liquor to Minor.** The selling of intoxicating liquor by a dramshop keeper to a minor without the consent of his parent, guardian or master, is not an indictable offense. The only penalty prescribed by law is a forfeiture of $50, to be recovered by civil action against the offender on his bond. Wag. Stat., p. 552, § 20; R. S. 1879, § 5454.

*Appeal from Jefferson Circuit Court.*—HON. L. F. DINNING, Judge.

AFFIRMED.

Indictment for selling intoxicating liquor to a minor without the consent of his parent. Held bad upon demurrer. The State appealed.

*D. H. McIntyre*, Attorney General, for the State.

*W. H. H. Thomas* for respondent.

SHERWOOD, J.—The only question before us is whether

the indictment charges any offense against the laws of this State. The indictment was returned June 25th, 1879, and is based upon section 20, page 552, 1 Wagner's Statutes, which section provides: "Every dramshop keeper who shall sell, give away or otherwise dispose of any intoxicating liquors, in any quantity, to any minor, without the permission of the parent, master or guardian of such minor first had and obtained, shall forfeit and pay to such parent, master or guardian, for every such offense, $50, to be recovered by the party entitled to sue, by civil action, in any court having competent jurisdiction, against such dramshop keeper, or by suit in such court, in the name of the county, to the use of such person," etc., etc. On turning to section 30, page 516, 1 Wagner's Statutes, we find it provided that: "Whenever a fine, penalty or forfeiture is or may be inflicted by any statute of this State, for any offense, the same may be recovered by indictment,     *     * notwithstanding another and different remedy for the recovery of the same may be specified in the law imposing the fine, penalty or forfeiture," etc. And it is contended that under the provisions of this section, the act charged in the indictment was an indictable offense.

This position we regard as untenable, for the reason that section 36 on the same page as the section just quoted, provides that "The terms 'crime,' 'offense' and 'criminal offense,' when used in this or any other statute, shall be construed to mean any offense, as well misdemeanor as felony, for which any punishment or fine, or both, may, by law, be inflicted." Now, when we turn again to the Dram-shop Act, we find that according to its provisions, neither fine nor imprisonment can be inflicted as a punishment for selling or giving away intoxicating liquors to a minor. This being the case, it must needs follow that such an act as that charged in the present indictment, does not, under the provisions and definitions of section 36, *supra*, constitute an "offense" against the laws of this State. In section 15 of the Dramshop. Act it is provided that: "Any

person convicted of a violation of any of the *preceding* provisions of this chapter shall be fined in a sum," etc. Had the qualifying word which we have italicized, been omitted from this section, doubtless the defendant would have been guilty of an " offense" had he done the act charged in the indictment, and the indictment would, therefore, have been good. As it is, judgment affirmed. All concur.