## BLAIR *vs.* THE STATE OF GEORGIA.

When the statute alleged to be violated inhibits the selling or furnishing spirituous or intoxicating or malt liquors to any minor, without first obtaining written authority from the parent or guardian of such minor, it is no justification or defence that the parents of the minor in question were both dead and he had no guardian.

October 12, 1888.

Criminal law. Liquor. Minors. Before Judge VAN EPPS. City court of Atlanta. March term, 1888.

Dick Blair was tried on an accusation charging him with having sold spirituous liquors to a minor, without first obtaining written authority of the parent or guardian of said minor. The State proved that defendant sold the liquor to the minor at the time charged; and that the minor had neither father nor mother, both having died before he got the liquor, and had no guardian, but worked for himself and spent his own money.

The defendant introduced no evidence and made no statement. He elected to be tried by the court, and was adjudged guilty. He moved for a new trial on the grounds that this adjudication was contrary to law and evidence. To the overruling of his motion he excepted.

FRANK R. WALKER, for plaintiff in error.

FRANK M. O'BRYAN, solicitor, for the State.

BLECKLEY, Chief Justice.

The statute (code, §4540a) makes no exception as to minors whose parents are dead, and who have no guardians. It was suggested in the brief of counsel that this minor was his own guardian. If that be true in a legal sense, and his own act as guardian would be equivalent to that of any other guardian, he should have given the liquor dealer authority in writing to furnish the forbidden beverage. Perhaps if he had taken time to prepare such a writing, he would have concluded not to make the purchase, and in this way the law and the public would have had the benefit of his deliberation. But, of course, the theory that a boy is his own guardian is a mere legal conceit or fancy.

Judgment affirmed.