STATE OF MISSOURI, Respondent v. FRANK BRUDER, Appellant.

Kansas City Court of Appeals, April 15, 1889.

1. **Selling Intoxicating Liquor to Minor**: THE LAW BINDS THE SELLER TO KNOW THE FACTS AND TO OBEY THE LAW AT HIS PERIL: WHAT NO DEFENSE. Section 5454, Revised Statutes, as amended, prohibiting sales of intoxicating liquors to minors, is a police regulation to protect the growing youth and promote good morals, and neither the fact that the defendant had good reason to believe and did in good faith believe the minor to be at the time of the sale at his majority, nor even the fact that the minor's father orally consented to such sale (drinking at times with the minor), nor the further fact that after such indictment, the father offered and was willing to give authority in writing, thereby ratifying the prior conduct of the defendant in the sale, constitutes a defense to an indictment under said section and, on the trial, it is proper to refuse to admit evidence tending to prove such facts.

2. ———: RULE OF CONSTRUCTION IN SUCH CASE. Where a statute commands an act to be done or omitted, which act, in the absence of the statute, might have been done or omitted without culpability, ignorance of the fact or state of things, contemplated by the statute, will not excuse its violation.

3. **Practice**: INSTRUCTIONS: VERDICT OF GUILT AND ACQUITTAL. Where the state's instructions called the jury's attention only to the first count of the indictment, but the defendant's, given by the court, reminded the jury of the existence of five counts, and the verdict was guilty on the first count; this was an acquittal as to the other counts, and if there was error. it was in defendant's favor and not ground of valid complaint.

*Appeal from the Lafayette Criminal Court.*—HON. JOHN E. RYLAND, Judge.

AFFIRMED.

*John S. Blackwell,* for appellant.

(1) We insist that said excluded evidence was perfectly competent and should have been permitted to

go the jury on the questions of defendant's mistake and belief as to the age of young Rathert. Whether or not such facts and circumstances as detailed in said excluded evidence would create the belief in the mind of the defendant that young Rathert was of full age, and that defendant was without fault. Bish. Stat. Cr. [2 Ed.] sec. 1022 and notes. "If one authorized to sell liquor to adults, and forbidden to sell it to minors, is, without his fault or carelessness, led to believe an applicant to be an adult while truly he is a minor, he is not punishable though he makes the sale." "It cannot be assumed that the legislature would attempt such a wrong as to punish as criminal an act which involved no criminal intent, there can be no crime where there is no criminal mind. This principle is as old as the criminal law, and underlies the whole of it." 1 Bish. Crim. Proc. [3 Ed.] sec. 521, 522, and notes; *Reich v. State*, 63 Ga. 616; *Marshall v. State*, 49 Ala. 21; *Ward v. State* 48 Ind. 289; *Robinson v. State*, 67 Ind. 94; *Fauks v. People*, 39 Mich. 200, 202; *State v. Foley*, 12 Mo. App. 431.. (2) The court below erred, in giving to the jury instructions numbered one, two and three, on the part of the state, against the objections of the defendant. 1 Bish. Crim. Proc. [3 Ed.] secs. 460, 461 and 462 and notes; *Town of Kirkwood v. Autenreith*, 21 Mo. App. 73; *State v. Reilly*, 4 Mo. App. 392; *Conyer v. State*, 50 Ga. 103. (3) The court below erred in refusing to give the instructions numbered two and three, asked by defendant. These instructions are correct declarations of law under the facts and circumstances in this case. *State v. Warden*, 94 Mo. 648; *State v. Homes*, 17 Mo. 379; *State v. Matthews*, 20 Mo. 55; *State v. Williamson*, 16 Mo. 394; *State v. Stewart*, 29 Mo. 419; *State v. Banks*, 73 Mo. 592; *Albrecht v. State*, 78 Ill. 510; *State v. Wray*, 72 N. C. 253.

No brief for respondent.

GILL, J.—The defendant, the keeper of a dramshop, was indicted, tried and found guilty in the criminal court of Lafayette county, for having sold intoxicating liquors to one Henry Rathert, a minor, without the written consent of the parent of said minor, contrary to section 5454, Revised Statutes, as amended by act approved March 31, 1885.

The principal question raised by this appeal is, whether or not the keeper of a dramshop can escape the punishment prescribed by this statute, by showing his good faith, or absence of guilty intent, in selling intoxicating liquor to a minor; as for example, that the minor appeared to be "of age?" Was doing business for himself without any apparent control by the parent, etc., or, even beyond this, is it any defense that the minor's father on different occasions may have visited the saloon with the minor, and the two there drank together, etc.?

The statute as now amended in effect reads thus:

"Sec. 5454. Every dramshop keeper who shall sell, give away, or otherwise dispose of  *  *  *  any intoxicating liquors, in any quantity to any minor, without the written permission of the parent, master or guardian of such minor, first had and obtained,  *  *  * shall forfeit and pay to such parent, master or guardian, for every such offense, the sum of fifty dollars, to be recovered by civil action, etc.,  *  *  *  *provided* further that every dramshop  *  *  *  keeper who shall violate the provisions of this section, in addition to the civil liability to the parent, etc., herein provided for shall be deemed guilty of a misdemeanor, and be punished by a fine not less than fifty, nor more than two hundred dollars, and every action brought by virtue of this section, shall be commenced within one year from the time the right of action accrued." Sess. Acts, 1885, p. 160.

At the trial of this cause the defendant offered to show, in justification, that said Henry Rathert, a minor of about twenty years of age, had been engaged as a brick-mason on his own account; that he had come to defendant's saloon at Concordia with his father, and that he and the minor's parent had drunk beer together; that the father had instructed defendant to let the boy have liquor whenever he called for it, and that he, the father, would pay for the same if the minor was not able to do so, and that even after this defendant was indicted, the minor's father offered to give authority in writing, thereby *ratifying* the conduct of the defendant, etc. The defendant testified that he never inquired as to the boy's age and that he took him to be from twenty-four to twenty-five years old.

The question is, were these matters, thus sought to be shown by the defendant, any defense to the prosecution?

We have examined, in this connection, a large number of reported decisions from other states, and it would seem difficult to determine just where the weight of authority rests. We think, however, the better holding is opposed to the contention of Mr. Blackwell, defendant's counsel in this case.

In prosecutions, on statutes similar to that of Missouri, for sale of intoxicating liquor to minors, it is true there is quite respectable authority for the position, that the dramshop keeper may defend successfully by showing his entire good faith, and that he had good reason to believe, and did believe, that the minor was at his majority, at the time the liquor was sold. 63 Ga. 620; 49 Ala. 22; 41 Ind. 162; 39 Mich. 202, and Bish. Stat. Crimes, sec. 1022, etc.

But for cases holding the contrary rule, to-wit: That the seller's good faith, or want of knowledge, as to the age of the minor furnishes no excuse, or justification, for a violation of the statute. *State v. Hartfiel*, 24 Wis. 60; *McCutcheon v. People*, 69 Ill. 602; *Siegle v.*

*People*, 106 Ill. 96 ; *Redmond v. State*, 36 Ark. 58 ; 3 Greenl. Ev., sec. 21 and authorities cited in notes ; *State v. Coenan*, 48 Iowa, 567.

As well said in *State v. Hartfiel*, *supra*, these authorities are to the effect: " That where a statute commands an act to be done or omitted, which act, in the absence of such statute, might have been done or omitted without culpability, ignorance of the fact, or state of things contemplated by the statute, will not excuse its violation. 3 Greenl. Ev., sec. 21.

" Of this nature are many fiscal, police and other laws and regulations, for the mere violation of which, irrespective of the motives or knowledge of the party, certain penalties are imposed, for the law in these cases seems to bind the party to know the facts, and to obey the law at his peril." This act to prevent sales of intoxicating liquors to minors is a police regulation, to protect the growing youth and to promote good morals, and we have no doubt, as repeated by the court in the case last cited, that the intention was to inflict the statutory penalty without regard to the motives or knowledge of the offender. Without this, it is much to be feared that the act would be a dead letter, and the evil aimed at by the legislature remain untouched. " To guard against this," it is said, the law has provided "that the saloon keeper must know the facts— must know that the person to whom he sells is a *qualified drinker* within the meaning of the statute."

By reference to the cases last above cited it will be seen that they uniformly hold that the vendor of intoxicating drinks, under the statute similar to ours, is held to know his customer, and will not be heard to plead his own ignorance as to the age of the minor.

It is no answer to say, as doubtless it may be in some instances, that such a rule will occasion great inconvenience and embarrassment to liquor sellers in the transaction of their business. If such inconvenience is suffered it is but one of many cases where the

convenience of the individual must suffer for the public good. *Beer Co. v. Massachusetts*, 97 U. S. 32.

Besides the express rulings from the various courts, as above given, the liquor seller's ignorance of the minor's age will not excuse him, the position is well fortified by analogous cases.

For example it is made an offense by statute of this and many of the states, for a minister of the gospel, magistrate, or other persons authorized to solemnize marriages, to join in marriage any male under twenty-one years, or female under eighteen years, except the parent, guardian or person having the care and custody of the minor, be present consenting thereto, or unless the minor applying shall produce a written certificate, duly proved to be genuine, from such parent or guardian, etc. For a violation of such statute the preacher, or other person, so solemnizing such marriage, is subject to indictment, and upon conviction shall be punished by imprisonment in the county jail for one to six month's time. R. S. 1879, secs. 3268, 3269 and 3274.

Now in *Beckham v. Nacke*, 56 Mo. 546, it was held, that an honest mistake by the magistrate performing the marriage ceremony, as to the age of a person whom he joined in marriage, is no protection against the prosecution for the penalty affixed by the statute for marrying minors, without consent of the parents or guardians. Says the court in the opinion, "It is not sufficient that he should act under the *bona-fide* belief that such minor is of full age. His honest mistake in this regard will not protect him." This case was cited with approval in *State v. Griffith*, 67 Mo. 287. See, also, 30 Ark. 496, and 13 Ark. 696.

So in selling an intoxicating drink contrary to a statute, it was held no defense that the seller honestly believed that it was not intoxicating. 2 Allen, 160.

And the defendant having sold and distributed a quantity of adulterated milk, contrary to the statute, it was held no defense that he thought it pure, and had no knowledge of the adulteration. 9 Allen, 489, and 11 Allen, 264.

Neither will the oral consent of the parent answer. The statute provides a written consent and it is not for us to say that one not in writing will answer. We are here to say what the law *is*, not what it ought to be, or what might do as well. So the attempt to prove that Henry Rathert's father orally consented that defendant might sell liquors to his son was not evidence tending to justify the defendant in making such sales. Were the father here suing for the penalty for selling liquors to his son then there would be some color, at least, to this claim and he might be estopped by his own conduct. However we are now considering the case of the *state* suing for an offense against its laws, and as to what would be the rights of the father in case of his suing for the penalty, given to the parent in such cases, we are not called upon to decide, nor do we mean to give any opinion. These remarks will apply as well to the willingness of the father to ratify now, in writing, the prior conduct of the defendant in selling intoxicating drinks to this minor. On this question see ADAMS, J., in *State v. Coenan*, 48 Iowa, 568 ; also *Beckham v. Nacke*, 56 Mo. 549.

II. We can see no reason on the defendant's part to complain as to the instructions given and refused. Under the law, as hereinbefore announced, the errors (if any committed) were clearly in defendant's favor rather than to his prejudice. In instruction number one, given at instance of the state, it is true that the jury's attention was called alone to the first count, although by defendant's instruction number one given by the court, the jury are reminded of the existence of

five counts and it would seem that the jury only made a finding on this first count, which was a verdict of guilty. The effect of this, however, was an acquittal on all the other counts. *State v. Cofer*, 68 Mo. 120.

The undisputed evidence in this case fixes the guilt of the defendant and that he was found guilty on *one* count only did not prejudice him. If this was error the defendant was not injured by it.

The judgment of the criminal court must be affirmed. The other judges concur.