THE STATE OF MISSOURI, Respondent, v. BARNEY MACKIN, Appellant.

Kansas City Court of Appeals, November 14, 1892.

1. **Billiard Tables:** CIVIL OR CRIMINAL PROCEEDINGS. The fine prescribed by section 715, Revised Statutes, 1889, may be recovered by indictment or information, as well as by civil action.

2. ——: MINOR'S PLAYING: DEFENSE. That the minor tells that he is of age, and the defendant credits his statement, is no defense to an indictment for permitting minors to play on a billiard table.

*Appeal from the Ray Circuit Court.*—HON. JAMES M. SANDUSKY, Judge.

AFFIRMED.

*Ball & Hamilton,* for appellant..

The indictment upon which the defendant was found guilty charges no offense against the laws in the state of Missouri. It was evidently intended to be founded on section 715, page 252, of the Revised Statutes of 1889, the only penalty prescribed by said section being a forfeiture of $50, to be recovered by civil action. This section is similar to section 5454, page 1071, Wagner's Statutes, with reference to dramshop keepers. The court, under that section, has held that it was not an indictable offense. *State v. Amos,* 77 Mo. 568; *State v. Slaughter,* 17 Mo. App. 142. If respondent relies upon section 4588, page 1047, Revised Statutes of 1889, to sustain a conviction, then the indictment should have alleged that defendant was a dramshop or wine and beer-house keeper, which fact was necessary to prove or in this case to have been admitted. Prior to the amendment of 1885 (Laws, 1885, p. 160), it was not an indictable offense to permit minors to play pool, and after said amendment said section aforesaid only applies to dramshop or wine and beer-house keepers.

*T. N. Lavelock,* for respondent.

(1) The keeper of a licensed billiard or pool table who suffers a minor to play on such table without the permission of the parent or guardian of such minor, is required to forfeit and pay a fine for every such offense. 1 Revised Statutes, 1889, sec. 715. (2) Any fine, penalty or forfeiture imposed by the statute may be recovered by indictment or information, although a different remedy for the recovery of such fine, penalty or forfeiture may be provided by the law. 1 Revised Statutes, 1889, sec. 3971; *State ex rel. v. Railroad,* 89

Mo. 562; *State ex rel. v. Railroad*, 30 Mo. App. 494; *State v. Fare*, 39 Mo. 110. (3) The offense charged in the indictment is, by statute, made to consist solely in the doing of a prohibited act, which, but for the statute, might have been done without culpability. The words "knowingly" or "wilfully," or words of similar import, are omitted from this statute. In this case the keeper of such licensed tables must act at his peril, and his belief as to the age of a customer is no element of the offense, and will constitute no excuse for suffering a minor to play on such tables without the permission of his parent or guardian. 3 Greenleaf on Evidence [3 Ed.] sec. 21; *State v. Griffith*, 67 Mo. 287; *State v. Bruder*, 35 Mo. App. 475; *State v. Johnson*, 44 Mo. App. 84; *Redmond v. State*, 36 Ark. 58; *Carroll v. State*, 7 Am. Crim. L. M. 77; *Commonwealth v. Weiss*, 139 Pa. St. 247.

GILL, J.—In January, 1891, defendant, as proprietor, kept a licensed billiard or pool room in Richmond, Missouri. He was indicted in the Ray county circuit court for suffering certain boys—minors under twenty-one years of age—to play pool on his tables without the permission of the fathers, masters or guardians of such minors, as prohibited by section 715, Revised Statutes, 1889. The cause was submitted to the court on an agreed statement of facts, the substance of which was that defendant was a duly licensed keeper of a pool room, and that on January 25, 1891, the minors named entered his room, and he, believing in good faith that they were of age, permitted them to play on his tables. Defendant was found guilty, and adjudged to pay a fine of $50, and thereupon appealed to this court.

The point relied upon by defendant's counsel is thus expressed in the motion in arrest of judgment: "That the indictment upon which the defendant was

tried and convicted states no cause of action against defendant; that the penalty for the offense charged in the indictment under the law could only be reached by civil proceedings, and does not belong to the catalogue of crimes or misdemeanors to be reached by indictment and prosecution on the part of the state.'' In other words, it is insisted that the offense charged is not, under the law, indictable. The section of the statute which forms the basis of this prosecution reads thus: ''Every licensed keeper of any table   *   *   * who shall suffer any person under the age of twenty-one years to play on such table kept by him, without the permission of the father, master or guardian of such minor first granted, *shall forfeit and pay a fine of $50* for every such offense, one-half of which shall be for the state, the other half for the informer, to be recovered by civil action.'' Revised Statutes, 1889, sec. 715.

Now the contention is that this permits only a *civil action* by the party offended or by the state, and that no prosecution by *indictment* is allowed. But in this connection let us refer to section 3971, Revised Statutes, 1889, under the heading of ''crimes and punishment.'' That statute reads: ''Whenever a *fine*, penalty or forfeiture is or may be inflicted by any statute of this state for any offense, the same *may be recovered by indictment* or information, notwithstanding another or different remedy for the recovery of the same may be specified in the law imposing the fine, penalty or forfeiture: *provided*, that in all cases the fine   *   *   * shall go to the state   *   *   * or person to whom the law imposing the same declares it shall accrue.'' It is also clear that the matter charged on defendant by this indictment constitutes an ''*offense*'' under the foregoing section. We quote from section 3976, Revised Statutes, 1889. ''The terms 'crime,' 'offense' and 'criminal

offense,' when used in this or any other statute, shall be construed to mean any offense * * * for which any punishment by imprisonment *or fine*, or both, may by law be inflicted."

Here then defendant was manifestly charged with the doing of an act punishable by a *fine*, and, therefore, it was an *offense;* and under section 3971, *supra*, the said fine may be recovered by indictment, even though the statute defining such offense may provide 'for another specified remedy. *State ex rel. v. Railroad*, 89 Mo. 563. The case of *State v. Amor*, 77 Mo. 568, does not sustain defendant's contention. When read and carefully considered in the light of the sections of the statute above quoted, the ruling there is authority for the position we here take.

The agreed statement of facts makes a clear case against the defendant. That the minors who played pool on defendant's tables may have told the defendant that they were each twenty-one years of age, and that he may have credited their statements, and in good faith permitted them to play, is no defense in this prosecution. *State v. Bruder*, 35 Mo. App. 475, and cases there cited.

It results, therefore, that the judgment must be affirmed. All concur.