## STATE OF MISSOURI, Respondent, v. GARY, Appellant.

**St. Louis Court of Appeals, April 2, 1907.**

1. **WINE GROWERS: Selling Liquor to Minors: Prima Facie Case; Consent of Parent.** In a prosecution under section 3015, Revised Statutes of 1899, where the defendant was charged as a wine-grower with selling liquor to a minor without the consent of the parent or guardian of the minor, it was not necessary to prove the sale was without the parent or guardian's consent; the State made out a prima facie case by showing a sale to the minor and it could only be overcome by the defendant's showing the consent of the parent, etc.

2. ———: ———: ———. But where the State failed to prove the defendant to be a wine-grower as charged in the information, a prima facie case was not made out.

Appeal from Newton Circuit Court.—*Hon. F. C. Johnston*, Judge.

REVERSED AND REMANDED.

*John T. Sturgis* for appellant.

The defendant is charged as a wine-grower and a failure to prove him to be such is fatal to a conviction. State v. Douglass, 48 Mo. App. 39; State v. Kurtz, 64 Mo. App. 123; State v. Greene, 26 Mo. App. 626; State v. Barnett, 111 Mo. App. 688-92.

*R. G. Balch* for respondent.

BLAND, P. J.—The information is bottomed on section 3015, Revised Statutes 1899, by which wine-growers are permitted to sell wine of their own produc-

tion, in any quantity, on their own premises, without taking out a dramshop license: "Provided, this section shall not be so construed as to give any wine-grower the right to sell, give away or otherwise dispose of, or suffer the same to be done on his premises, any wine to any minor without the permission of the parent, master, or guardian of such minor first had and obtained." The information charges that the defendant, being a wine-grower, did, etc., unlawfully sell and dispose of one quart of wine, on his premises, to Thomas Smith, a minor under the age of twenty-one years, without the permission of his parent, guardian or master. There was substantially no evidence to show that defendant was a wine-grower. It is the law generally in this country, that where the sale of intoxicating liquors is prohibited, except under statutory regulations, mere proof by the State of a sale makes a prima facie case against the defendant, to overcome which the defendant must show the sale was made under circumstances permitted by the statute. Thus, on an indictment for selling liquor as a dramshop keeper without a license, the State is not required to show that the defendant had no license, but makes a prima facie case by showing a sale, and it devolves on the defendant to justify the sale by producing his license. So, on an indictment for a sale to a minor, without the consent of his parent, master or guardian, the State makes a prima facie case by showing a sale to the minor, which can only be overcome by the defendant showing the consent of the parent, master or guardian of the minor. [State v. Coenan, 48 Iowa 567; State v. Bruder, 35 Mo. App. 475.] Nor is it an excuse that the minor's parents are dead, or that he has no master or guardian. [Blair v. State of Georgia, 81 Ga. 628.] Black says: "When a sale of intoxicating liquor has been shown as charged, if the defendant claims that the sale was not unlawful, because coming within the terms of an exception or proviso in the stat-

ute, or because made for specially permitted purposes, or under other circumstances which would relieve him from criminal responsibility, the burden is on him to establish this defense by proof." [Black on Intoxicating Liquors, sec. 511.] It did not devolve upon the State to show that defendant did not have the consent of Smith's parent, master or guardian to sell him wine; such consent, if given, was a matter of justification to be shown by defendant. But as the State failed to prove the defendant to be a wine-grower, as alleged in the information, the judgment is reversed and the cause remanded. All concur.