STATE OF MISSOURI, Respondent, v. HUFFNA-
GLE SEBASTIAN, Appellant.

Springfield Court of Appeals, May 6, 1912.

1. CRIMINAL LAW: Selling Liquor to Minor: Indictment:
Surplusage: Allegations. An indictment charged that the de-
fendant "then and there being a wine grower" unlawfully sold
intoxicating wine to a minor, "said wine being of his own
production." There was a total failure of proof as to the allega-
tion that defendant was a wine grower and that the wine was
of his own production. Held, that by omitting the clauses
that defendant was a wine grower and the wine was of his
own production, the indictment was broad enough to charge
an offense under section 4733, Revised Statutes 1909, making it
a misdemeanor to sell liquor to a minor without the written
permission of the parents.

2. ————: Indictment: Failure of Proof: Conviction Under
Another Section. Where one is indicted under one section
of a statute and the evidence shows he is not guilty of the
violation of that section but is guilty of the violation of
another section, he may be convicted of a violation under the
section which the evidence shows him guilty, provided, the
indictment is broad enough to include the offense within its
allegations.

Appeal from Greene Circuit Court.—*Hon. John T.
Moore,* Special Judge.

AFFIRMED.

*T. J. Delaney* and *Patterson & Patterson* for ap-
pellant.

(1) The indictment is based upon section 7221,
Revised Statutes 1909. The defendant is charged as
a winegrower and a failure to prove him to be such
is a fatal conviction. State v. Gary, 124 Mo. App.
175; State v. Douglas, 48 Mo. App. 39; State v. Kurtz,
64 Mo. App. 123; State v. Green, 26 Mo. App. 626;
State v. Barnett, 111 Mo. App. 692. The case of State
v. Gary, 124 Mo. App. 175, is on "all fours" with the

case at bar and the court cannot affirm the judgment of the trial court without disregarding the law as declared in State v. Gary, and the other cases cited above.

*J. H. Mason,* prosecuting attorney, for respondent.

(1) In the case of State v. Grey, 124 Mo. App. 175, cited by appellant and relied on by appellant, the record does not disclose that the information on which the appellant was tried was broad enough to sustain a conviction for selling liquor to a minor under terms of section 4733, Revised Statutes 1909.    (2) In the trial of the case at bar the trial court followed the doctrine laid down by the St. Louis Court of Appeals in State v. Quinn, 94 Mo. App. 66.    (3)    The doctrine is reaffirmed by the Kansas City Court of Appeals in case of State v. Hammel, 127 Mo. App. 661, where Judge JOHNSON, speaking for the court refers to and quotes the language of the court in the case of State v. Quinn.   We find the same doctrine adhered to in the case of State v. Gallagher, 126 Mo. App. 729.

NIXON, P. J.—Appellant was tried and convicted on an indictment charging that defendant on the —— day of October, 1910, at the county of Greene and state of Missouri, "then and there being a winegrower, did then and there unlawfully, directly and indirectly sell, give away, furnish and deliver and otherwise dispose of certain intoxicating wine, to-wit:   To one Dutch Mumford, a minor, then and there on the premises of the said Huffnagle Sebastian, and the said wine being his own production, of the said Huffnagle Sebastian, without the written permission of the parent, master or guardian of the said Dutch Mumford, first had and obtained for such purpose, and without any other lawful authority to do so, contrary to the form of the statute," etc.

The jury found him guilty and assessed his punishment at a fine of forty dollars.

It is claimed by appellant that the indictment was drawn with the intention of charging the defendant with a violation of section 7221, Revised Statutes 1909. It is conceded that there was a total failure of proof as to the allegations of the indictment that accused was a winegrower, and that the wine was of his own production. Dutch Mumford, being sworn as a witness for the state testified that at the time of the trial he was eighteen years of age; that on the —— day of October, 1910, he went to defendant's home four miles southeast of Springfield and bought of defendant one pint of wine, paying defendant thirty-five cents for it, which he found to be intoxicating from drinking it. Jerry Mumford, father of the boy, testified as a witness for the state that the boy was eighteen years of age at the time of the trial; that he did not give the accused permission, written or otherwise, to sell or give this boy wine or any intoxicating liquor. The accused at the close of the state's evidence in chief requested and the court refused to give a peremptory instruction to the jury to find the defendant not guilty. Defendant's evidence consisted solely of his own statement that he had not at any time sold wine to Dutch Mumford.

Besides the stock instructions customarily given in criminal cases of this character, the court instructed the jury as follows:

"1. If you find from the evidence that Huffnagle Sebastian in the county of Greene and state of Missouri at any time from September 1, 1910, to December 1, 1910, did sell intoxicating liquor to one Dutch Mumford, to-wit, wine in any quantity, and that said wine was then and there intoxicating, and that the said Dutch Mumford was at the time a minor under the age of twenty-one years, and that such wine was so sold by defendant to the said Dutch Mumford without the written permission of the parent, master or guardian of the said Dutch Mumford, first had and

obtained by the defendant, then you will find the defendant guilty and assess his punishment at a fine of not less than forty dollars nor more than two hundred dollars.''

"2.  Gentlemen of the jury, if a person sells intoxicating liquor to a minor without the written permission of the parent, master or guardian he does so at his own peril and it does not make any difference what representation the minor makes to obtain the intoxicating liquor or what the defendant may have believed as to the age of such minor.''

The defendant requested and the court refused to give an instruction which required the jury to find before they could convict the defendant that the defendant at the time of such sale was a winegrower and that the wine sold to said minor was of his own manufacture and production from grapes exclusively of his own growing.

It will thus be seen that the state's attorney and the trial court proceeded on the theory that upon this indictment the accused might be convicted under section 4733, Revised Statutes 1909, which is as follows: "Any person who shall, directly or indirectly, sell, give away or otherwise dispose of or furnish or deliver any intoxicating liquor in any quantity to any minor without the written permission of the parent, master or guardian of such minor first had and obtained, shall be deemed guilty of a misdemeanor, and, on conviction, shall be fined not less than forty dollars nor more than two hundred dollars.''  The appellant contends that the action of the court in proceeding under this section was prejudicial error and this is the only question presented for our determination.

By reading the indictment in connection with section 4733, Revised Statutes 1909, omitting from the indictment the clause, "then and there being a winegrower," and the clause, "and said wine being his

own production,'' it will be found that the indictment follows almost word for word the language of that section of the statutes and it is broad enough to charge an offense under that section, omitting said clauses as surplusage.

In the case of State v. Quinn, 94 Mo. App. l. c. 66, 67 S. W. 974, it is said: ''It is a general rule of procedure that if one is indicted under one section of a statute and the evidence shows that he is not guilty of a violation of that section but is guilty of the violation of another section, he may be convicted of a violation under the section of which the evidence shows him guilty, provided the indictment is broad enough to include the offense within its allegation.'' This case was certified to the Supreme Court and was sustained (170 Mo. 176, 70 S. W. 1117).

We have not failed to give due consideration to the case of State v. Gary, 124 Mo. App. 175, 101 S. W. 614, decided by the St. Louis Court of Appeals. The report of the Gary case shows that the accused was charged with having, as a winegrower, sold wine on his premises to a minor, contrary to section 7221, Revised Statutes 1909, and that he was tried and convicted on the charge that he was guilty as a winegrower with having violated the statute concerning winegrowers. Under the information in that case the accused was not charged with having sold intoxicating liquors to a minor. As defendant Gary was tried and convicted on the theory that he had violated the section as to winegrowers, the St. Louis Court of Appeals properly held that the state was required to prove he was a winegrower. In the present case, however, the defendant was charged with having sold intoxicating wine to a minor, and he was tried and the jury were instructed on that theory. Hence the opinion in the Cary case, upon which the appellant strongly relies, sheds no light whatever on the question presented by this record.

A careful comparison of the language of section 4733, Revised Statutes 1909, with that of the indictment suggests reasons for believing that it comes under said section. Section 7221, Revised Statutes 1909, is incorporated in the chapter concerning intoxicating liquors and in article 1 concerning dramshops. In effect, it enacts that the provisions of the article shall not be construed to affect the right of winegrowers to sell wine of their own production in any quantities on their own premises, but further provides that the section should not be construed as giving any winegrower the right on his own premises to sell any wine to any minor. It will be seen that the indictment does not clearly follow the language of the section in that it charges that defendant sold "intoxicating wine," an allegation not required by section 7221, but required by section 4733; also that it charges in the language of section 4733 that the sale was "without the written permission of the parent, master or guardian of the said Dutch Mumford," an allegation not required by section 7221. Thus the indictment contains all the elements and descriptive words necessary to bring the offense charged within section 4733; and it does not appear that the variance was material to the merits of the case or prejudicial to the defendant. Section 7221 provides that a person convicted of a violation thereof shall be punished by a fine of not less than forty nor more than two hundred dollars or by imprisonment in the county jail during a term not to exceed three months, and in addition thereto, shall be liable as provided for in section 7213. Section 4733 provides that a person convicted of a violation thereof shall be fined not less than forty dollars nor more than two hundred dollars. No difference prejudicial to the accused occurs in the penalties. We find no errors in the record materially affecting the merits of the controversy. The judgment is affirmed. All concur.